UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| RUDRAH DARSHAN, LLC )<br>    *Plaintiffs*, )<br>)<br>v. )<br>)<br>CALAMAR CONSTRUCTION )<br>MANAGEMENT, INC. )<br>    *Defendant*. )<br>) | C.A. No. |

# COMPLAINT

## PARTIES

1. Rudrah Darshan, LLC ("Rudrah") is a Rhode Island limited liability company with a principal place of business located at 707 South Washington Street, North Attleboro, Massachusetts.

2. The sole member of Rudrah is a resident of and domiciled in North Attleboro, Massachusetts.

3. Calamar Construction Management, Inc. ("Calamar") is a New York corporation with a principal place of business located at 3949 Forest Parkway, Suite 100, Wheatfield, New York, and is further registered as a foreign corporation with the Rhode Island Secretary of State and the Rhode Island Contractors Registration and Licensing Board.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as Rudrah and Calamar have diverse citizenship and the amount in controversy exceeds $75,000.

5. Venue in the District of Rhode Island is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in Rhode Island and the real property involved is situated in Rhode Island.

## FACTS

6. On or about July 22, 2016, Rudrah and Calamar entered into a AIA Document A133-2009 construction contract ("Contract") relative to the construction and development of a hotel project ("Project") known as the Home 2 Suites by Hilton located at 944 Douglas Pike, Smithfield, RI 02917. A copy of the Contract is attached hereto as **Exhibit A** and incorporated herein by reference.

7. Pursuant to the Contract, Calamar would be the Project's Construction Manager, and proposed to build the Project for a guaranteed maximum price of approximately $8,555,617.00.

8. On or after July 22, 2016, Calamar began construction of the Project.

9. After commencing construction of the Project, Calamar sought submitted to Rudrah several applications for payment ("Applications").

10. Rudrah paid Calamar funds in reliance upon the representations made in the Applications.

11. After commencing construction of the Project and receiving funds from Rudrah, Calamar suddenly and inexcusably ceased construction of the Project without cause and subsequently informed the Plaintiff that it could not financially pursue the Project.

12. On or about July 2018, Angelo Eguizabal, Calamar's Executive Vice President, sent Darshan Gandhi, Rudrah's managing partner, a letter ("Letter") that outlined Calamar's

intent to terminate the Contract "for convenience" and cease work on the project on June 29, 2018 as a result of "the devastating financial losses the [P]roject brought on."

13. Rudrah took no action that would permit Calamar to terminate the Contract.

14. The Contract provided that Rudrah may terminate Calamar for, *inter alia*, failure to make payment to subcontractors for materials or labor, and substantial breach of a provision of the Contract.

15. On June 21, 2018, Rudrah terminated the Contract, prior to its full performance, as a result of Calamar's substantial breach of the Contract.

16. Despite Rudrah paying Calamar substantial amounts of money, Calamar retained such money and did not pay several subcontractors.

17. Despite not paying certain subcontractors, Rudrah warranted in at least three Releases of Liens through its Executive Vice President of Construction, namely Angelo Eguizabal, signed before a notary, and Claims dated April 2, 2018, May 11, 2018, and June 3, 2018 that "there are no amounts owed by [it] to any tier Subcontractor . . . which would become the basis for several liens against the property." In fact, Plaintiff's payment to the Defendant did in fact include monies that were due and owed the subs by the Defendant, which Defendant failed to pay.

## CAUSES OF ACTION

### COUNT I

### Breach of Contract

18. Rudrah incorporates paragraph 1 through 17 as if set forth fully herein.

19. The Contract was a valid contract.

20. Rudrah performed its obligations under the Contract.

21. Calamar breached the Contract by abandoning the Project and not paying its subcontractors.

22. Calamar's failure to perform its duties and obligations under the Contract constitute a substantial breach of the Contract's terms.

23. Calamar's breach of the Contract caused Rudrah damages, including but not limited to, the Project not being completed in a timely manner, the increased costs of completing the Project with another contractor, and further sustained substantial damages including, but not limited to, completion of the Project.

WHEREFORE, Rudrah respectfully requests that the Court:

a. Enter judgment for Rudrah and against Calamar on all claims in an amount sufficient to compensate Rudrah for its damages;

b. Award Rudrah reasonable attorney's fees and expenses of litigation;

c. Award Rudrah its costs and expenses of suit; and

d. Award such other relief as shall appear proper and just.

Respectfully submitted,

RUDRAH DARSHAN, LLC

By its attorneys,

/s/ *Girard Visconti*
Girard R. Visconti, Esq. (#0566)
Christopher J. Fragomeni, Esq. (#9476)
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
Tel.:  (401) 272-1400
Fax:  (401) 272-1403
gvisconti@shslawfirm.com
cfragomeni@shslawfirm.com

# **<u>EXHIBIT A</u>**